MARIA BREWSTER v. THE SUSSEX RAILROAD COMPANY.

Judgments refer to the situation of the parties at the commencement of the suit, and, as a general rule, damages are allowed in personal actions only to that date. In the case of continuing injuries, compensation for subsequent loss must be sought in another suit after the damage is sustained.

In case. On rule to show cause.

Argued at November Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *L. Van Blarcom.*

For the defendant, *Joseph Coult.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit was brought to recover damages for the destruction by the defendant, in the building of its railroad, of a right of way of the plaintiff to a lot of land in which she had a life estate.

On the trial below, the jury were directed to assess, as damages, "just as much as they thought the life estate was lessened in value by reason of having the access to the land cut off."

In this there was error. Judgments refer to the situation of the parties at the commencement of the suit, and, as a general rule, damages are allowed in personal actions only to that date.

In the case of continuing injuries, compensation for subsequent loss must be sought in another suit after the damage is sustained. *Sedgwick on Damages* 154–5; *Del. & Rar. Canal* v. *Wright*, 1 *Zab.* 469; *Powers* v. *Ware*, 4 *Pick.* 106; *Pierce* v. *Woodward*, 6 *Pick.* 206.

The charter of the railroad company imposes upon it the obligation of providing a way for the plaintiff, from which it is not relieved by the verdict; the duty still subsists to give a passage to the land-owner.

The company may in the future perform that duty.

In *Ellsworth* v. *Central Railroad Co.*, 5 *Vroom* 93, which is an analogous case, this court held that the plaintiff was limited, in her recovery, to the damages sustained at the time the suit was commenced.

The rule to show cause should be made absolute.